**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | Case No. 18-cv-00482-BAS-JLB |
|---|---|
| Plaintiff, | **ORDER:** |
| v. | **(1) GRANTING PLAINTIFF'S MOTION TO STRIKE THE ANSWER AND DENYING WITHOUT PREJUDICE REQUEST FOR ENTRY OF A DEFAULT JUDGMENT** |
| $40,000 IN U.S. CURRENCY, | |
| Defendant. | |
| | **[ECF No. 9]** |
| | **AND** |
| | **(2) STRIKING ANSWER** |
| | **[ECF No. 7]** |

**I.   BACKGROUND**

On March 6, 2018, Plaintiff United States filed the Complaint in this case, alleging that the Defendant $40,000 in U.S. currency is money furnished or intended to be furnished in exchange for contraband and subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). (ECF No. 1.) The Complaint alleges that on November 2, 2017, federal law enforcement agents seized Defendant $40,000 in U.S. Currency at the San Diego International Airport after conducting a consensual search of a carry-on bag in Rodrigo Marquez's ("Marquez")

possession. (Compl. ¶¶ 3, 6H, 8, 9, 17.) Within two days of filing of the Complaint, Plaintiff provided Rodrigo Marquez and his attorney, Todd J. Hilts, with a notice of judicial forfeiture proceedings (the "Notice") and a copy of the Complaint. (ECF No. 9-2.) The Notice instructed that pursuant to Rule G(5) of the Supplemental Rules for Admiralty and Maritime Claims and Forfeiture Actions ("Supplemental Rules"), Marquez had to file a verified claim for the Defendant with the Clerk of this Court within 35 days after service of the Notice, or additional time as the Court may allow. (*Id*. at 1–2.) The Notice further instructed Marquez that he needed to file an answer to the Complaint or a Rule 12 motion within 21 days after the filing of the verified claim. (*Id.* at 2.)

Upon the failure of any claimant to file a timely verified claim or answer to the Complaint, Plaintiff requested an entry of default on May 24, 2018, specifically against Rodrigo Marquez ("Marquez") and all other potential claimants. (ECF No. 6.) In the hours following that request, Marquez filed an Answer to the Complaint through his attorney. (ECF No. 7.) The Clerk of the Court entered default against the Defendant on the following day. (ECF No. 8.)

Before the Court is Plaintiff's motion pursuant to Supplemental Rule G(8) to strike Marquez's Answer and a motion for entry of a default judgment. (ECF No. 9.) Marquez has not opposed the motion. For the reasons herein, the Court grants Plaintiff's motion to strike, denies without prejudice Plaintiff's request for entry of a default judgment, and strikes Marquez's Answer.

**II  ANALYSIS**

Pursuant to Rule G(5) of the Supplemental Rules, "a person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Rule G(5)(a)(i). The claim must identify the specific property claimed, identify the claimant and state the claimant's interest in the property, be signed by the claimant under penalty of perjury, and be served on the government attorney identified in the government's notice of judicial proceedings. *See* Rule G(5)(a)(i)(A)–(D). Rule G(5) also identifies default time limits regarding when a claim must be filed. Relevant to the

present motion, "[u]nless the court for good cause sets a different time, the claim must be filed by the time stated in a direct notice sent under Rule G(4)(b)." Rule G(5)(a)(ii)(A). Rule G(5) also establishes a time requirement for the claimant's response to the complaint. "A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Rule G(5)(b).

The Supplemental Rules contemplate some consequences for failure to follow the time requirements of Rule G(5). In relevant part, "the government may move to strike a claim or answer for failing to comply with Rule G(5)[.]" Rule G(8)(c)(i)(A). In its motion to strike, Plaintiff argues that Marquez's Answer should be stricken because he has failed to file a verified claim. The Court agrees.

Of the procedural requirements applicable to civil asset forfeiture actions, "[t]he most significant requirement is that the claimant must timely file a verified statement of interest[.]" *U.S. v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007). This requirement serves two purposes. First, it ensures that claimants come forward as soon as possible so that the court "may hear all interested parties and resolve the dispute without delay." *United States v. $8,822,877.16 in U.S. Currency*, 330 F.3d 141, 150 n.9 (3d Cir. 2003); *see also $487,825.00 in U.S. Currency*, 484 F.3d at 664. Second, it decreases the likelihood of false claims by requiring claims be verified. *487, 825.00 in U.S. Currency*, 484 F.3d at 664. Because of the purposes underlying the time requirements for the filing of a verified claim, courts have "repeatedly emphasized that forfeiture claimants must strictly adhere to the filing requirements." *Id.* at 665; *see also United States v. 5145 N. Golden State Blvd.*, 135 F.3d 1312, 1316–17 (9th Cir. 1998).

The Notice the government provided Marquez expressly set a 35 day time-limit for Marquez to file a verified claim in this Court. Marquez's attorney received the Notice on March 8, 2018. (ECF No. 9-2 at 3–6.) Marquez was thus required to file a verified claim no later than April 12, 2018. Despite that deadline, Marquez has never filed a verified

claim for the Defendant with this Court.[1] The Answer filed by Marquez purports to contain a verification by Marquez under California state law. (ECF No. 7 at 5.) But the Answer "contains no description of [Marquez's] interest in the property"—a requirement of Rule G(5)—and "[t]hus, there is no question that this document is not a verified statement." *$487,825.00*, 484 F.3d at 665; *see also* Rule G(5)(a)(i)(A).

Courts have "discretion to overlook the failure to conform to the requirements" of a forfeiture claim. *United States v. Real Property at 2659 Roundhill Dr., Alamo, Cal.*, 194 F.3d 1020, 1024 (9th Cir. 1999). Indeed, as the Court has observed, Rule G(5) permits a court to set the filing deadline of a verified claim to "different time for good cause." Rule G(5)(a)(ii)(A). Courts may consider various factors in determining whether to excuse a claimant's failure to comply with timing requirement, including: the claimant's good faith attempts to comply with procedural requirements; the date upon which the claimant received notice of the pending forfeiture action; any requests by the claimant to amend the pleadings or for an extension of time; any reasons proffered by the claimant for the omission; and whether prejudice to the United States will result from excusing the claimant's procedural errors. *See United States v. $22,226.25 in Interbank FX Account No. xxx0172*, 763 F. Supp. 2d 944, 948 (E.D. Tenn. 2011) (citation omitted).

The Court, however, cannot find good cause to excuse the timing requirements in this case. First, Marquez has never requested additional time to file a verified claim, nor has he explained his failure to file a timely claim. Second, Marquez is not a *pro se* claimant who should be excused from strict compliance with these procedural requirements. *See $22,226.25 in Interbank FX Account No. xxx0172*, 763 F. Supp. 2d at 948 (explaining that

---

[1] Although the Complaint alleges that Marquez filed an administrative "Petition for Remission or Mitigation of Forfeiture" with the Drug Enforcement Administration ("DEA") on December 18, 2017 (Compl. ¶ 18), that petition does not qualify as a verified claim. "A petition for remission or mitigation of forfeiture is a petition for administrative relief, not judicial relief." *United States v. $2,857.00*, 754 F.2d 208, 214 (7th Cir.1984). It is the filing of a verified claim with an appropriate court which advises that court of the intent to seek judicial relief.

"[i]n some circumstances . . . especially where claimants are proceeding *pro se*, courts may excuse" non-compliance (citation omitted)). Marquez is not *pro se*. In fact, the Notice is addressed to the same attorney who filed Marquez's Answer and also filed Marquez's administrative petition with the DEA. (*Compare* ECF No. 9-2 *with* ECF No. 7 (Answer) *and* ECF No. 9-3 (Marquez's DEA petition).) Third, Marquez has not shown good faith attempts to comply with the procedural requirements. Even the untimely Answer Marquez filed some 77 days after receipt of the Notice and in the hours following the government's request for default, fails to comply with Rule G(5)'s verified claim requirement. These circumstances underscore the need to strictly enforce the procedural requirements of Rule G(5). And the Court will do so here by granting Plaintiff's motion to strike Marquez's Answer.

Plaintiff has also requested that the Court enter a default judgment against Marquez and any other potential claimants as a "sanction" for Marquez's failure to comply with Rule G(5)(b). (ECF No. 9.) A court may enter a default judgment as a sanction for a party's failure to obey a court order pursuant to Federal Rule of Civil Procedure 37, including in a civil asset forfeiture action. *See United States v. Approximately $ 141,932.00 in United States Currency*, No. 04-cv-6743-LJO-TAG, 2008 WL 190878, at *8 (E.D. Cal. Jan. 18, 2008) (discussing standard for entry of default judgment as a sanction and applying standard to civil forfeiture case). However, Plaintiff does not explain how Marquez violated a court order through his failure to comply with the procedural rules in this case. The Court will not enter a default judgment as a sanction.

Even so, Plaintiff will still have the opportunity to move for a default judgment against the Defendant in accordance with Federal Rule of Civil Procedure 55(b) in light of the striking of Marquez's Answer. *See, e.g., United States v. $3,275.00 in United States Currency*, No. 12-cv-543-L(WVG), 2013 WL 1285141 (S.D. Cal. Mar. 27, 2013) (granting motion for default judgment in civil forfeiture action pursuant to Rule 55(b)). Any motion Plaintiff files should identify the appropriate default judgment standard, explain how the Complaint satisfies the requirements for a civil asset forfeiture action, and provide an

appropriate default judgment order. Accordingly, the Court denies without prejudice Plaintiff's request for the entry of a default judgment.

### III. CONCLUSION & ORDER

For the foregoing reasons, the Court: (1) **GRANTS** Plaintiff's motion to strike (ECF No. 9), (2) **STRIKES** Marquez's Answer (ECF No. 7); and (3) **DENIES WITHOUT PREJUDICE** Plaintiff's request for entry of default judgment. Plaintiff may file a motion for entry of a default judgment against the Defendant **no later than August 31, 2018**.

**IT IS SO ORDERED.**

DATED: August 6, 2018

Hon. Cynthia Bashant
United States District Judge